**491**

of appellee * * *. * * * from an examination of the entire record it clearly appears that such name was adopted by the appellant advisedly and for the purpose of leading the general public, and the persons with whom it was likely to be associated, and from whom it hoped and expected to obtain support by way of donations, to believe that it stood as the committee and representative of the associations known as 'The Young Women's Christian Association,' then organized in the field where it expected to operate."

Since the gist of the action here is confusion and deception, it does not suffice for the trial court, on a motion to dismiss, to merely compare the names of the two organizations involved. Appellant is entitled to present its proof.[14]

Reversed and remanded.

CLARK, Circuit Judge, dissents.

J. Franklyn Bourne, Washington, D. C., with whom Curtis P. Mitchell, B. Dabney Fox and Frank D. Reeves, Washington, D. C., were on the brief, for appellants.

Joseph H. Batt, Washington, D. C., entered an appearance for appellee.

Before CLARK, PROCTOR, and WASHINGTON, Circuit Judges.

PER CURIAM.

This appeal is from a judgment by the District Court for absolute divorce. The question here is whether the evidence is sufficient to support the findings and judgment. We conclude that it is. Fed.Rules Civ.Proc. rule 52(a), 28 U.S.C.A.

Affirmed.

### WOODSON et al. v. WOODSON.
#### No. 10779.

United States Court of Appeals
District of Columbia Circuit.

Argued May 14, 1951.

Decided July 5, 1951.

### SMITH v. REID.
#### No. 10880.

United States Court of Appeals
District of Columbia Circuit.

Argued June 26, 1951.

Decided July 12, 1951.

14. See Albert Dickinson Co. v. Mellos Peanut Co., 7 Cir., 1950, 179 F.2d 265, 269–270; Lane Bryant, Inc. v. Maternity Lane, 9 Cir., 1949, 173 F.2d 559, 563, 565; Coca-Cola Co. v. Snow Crest Beverages, 1 Cir., 1947, 162 F.2d 280, 283; Skinner Mfg. Co. v. Kellogg Sales Co., 8 Cir., 1944, 143 F.2d 895, 899.